FILED

17 SEP 21 AM 9: 38

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**PAT SCHUMACHER,**

        **Plaintiff,**

-vs-

        **Case No. A-17-CA-500-SS**

**WELLS FARGO BANK, N.A.,**

        **Defendant.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Wells Fargo Bank, N.A. (Wells Fargo)'s Motion to Dismiss [#5], Plaintiff Pat Schumacher (Plaintiff)'s Motion to Cure a Defective Pleading [#11], Wells Fargo's Response [#13] in opposition, Plaintiff's Request for Review [#12], and Wells Fargo's Response [#14] in opposition.[1] Having considered the aforementioned documents, the case file as a whole, and the applicable law, the Court enters the following opinion and order.

### Background

This case concerns real property located at 7701 Old Lockhart Highway, Buda, Texas, 78610 (the Property). Notice of Filing Suppl. [#4-1] Ex. A (State Court File) at 4–6. Plaintiff purchased the Property in 2002 with a $117,000.00 note (Note) to Mortgage Outlet, Inc. d/b/a the Money Outlet (Money Outlet) and executed a Deed of Trust in favor of Money Outlet (Deed of Trust) as security for the Note (collectively, the Mortgage). *Id.* at 4.

---

[1] Plaintiff also filed a motion for extension of time to file a response to Wells Fargo's motion to dismiss. *See* Mot. Extension [#8]. However, the Court effectively ruled on this motion by directing Plaintiff to file her response by July 14, 2017. *See* Order of June 30, 2017 [#9]. The Court therefore DISMISSES Plaintiff's motion for extension of time.

In October 2015, the Property suffered damage from a thunderstorm. *Id.* Plaintiff contends "[d]espite [Plaintiff] having paid for force-placed insurance, the Property was not repaired by Wells Fargo or the insurance company."[2] *Id.* Because the Property was only partially inhabitable, Plaintiff stopped making payments on the Mortgage. *Id.* at 4–5. Plaintiff alleges Wells Fargo is now attempting to foreclose on the Property. *Id.* at 5.

On April 26, 2017, Plaintiff filed the current lawsuit against Wells Fargo in Texas state court. *Id.* at 3. Wells Fargo subsequently removed the case to this Court. Notice Removal [#1]. Plaintiff asserts a single cause of action: breach of contract. State Court File at 5. In particular, Plaintiff claims she "had a valid contract with the insurance company which was provided by Wells Fargo" and "Wells Fargo breached the insurance contract by not paying for the covered damage." *Id.* In response to Plaintiff's allegations and before this case was removed, the state court issued an ex parte temporary restraining order preventing foreclosure on May 1, 2017. *Id.* at 10.

Before filing this suit, Plaintiff previously filed another lawsuit in Texas state court concerning the Mortgage (Lawsuit I), attempting to prevent foreclosure on the Property. *See* Mot. Dismiss [#5-1] (Lawsuit I R.). In Lawsuit I, Plaintiff sued Wells Fargo, alleging Wells Fargo breached "the insurance contract by not paying for the covered damage" to the Property, which occurred as a result of a thunderstorm in October 2015. *Id.* at 2–3. Following Plaintiff's notice of nonsuit in Lawsuit I, the state court dismissed Lawsuit I with prejudice on August 5, 2016. *Id.* at 7.

Presently, Wells Fargo moves to dismiss this case for failure to state a claim in light of the result in Lawsuit I. Wells Fargo argues res judicata bars re-litigation of Plaintiff's claims. In

---

[2] Neither party explains how Wells Fargo gained rights in the Mortgage or the Property. Additionally, neither party provides any details on the insurance company from which Plaintiff purchased insurance coverage.

response, Plaintiff seeks to supplement her complaint. *See* Mot. Cure [#11]. Plaintiff also asks this Court to modify the state court order dismissing Lawsuit I with prejudice. *See* Req. Review [#12].

**Analysis**

## I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other

sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.    Application

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Id.* (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)). Because res judicata is an affirmative defense, the defendant bears the burden of proving this defense. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (noting a party asserting claim preclusion carries the burden of proof).

Here, Wells Fargo proves each element of its res judicata defense. First, the parties in this action and in Lawsuit I are identical. Second, the judgment in Lawsuit I was rendered by a court of competent jurisdiction, the 353rd District Court for Travis County, Texas. *See* Lawsuit I R. at 7. Third, as the Fifth Circuit has noted, "a dismissal with prejudice despite a court not having adjudicated the claim. . . . is tantamount to a judgment on the merits." *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001); *see also Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("The res judicata effect of a nonsuit with prejudice works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter."). Fourth, this lawsuit involves the same claim and issues as Lawsuit I. The allegations Plaintiff asserts in this lawsuit are identical to the

those alleged in Lawsuit I. *Compare* State Court File at 2–6 *with* Lawsuit I R. at 1–5. Thus, res judicata bars this lawsuit.

And, although Plaintiff seeks to supplement her complaint with new causes of action, amendment would be futile. Plaintiff seeks only to assert claims that could have been raised in Lawsuit I as they concern Wells Fargo's alleged failure to compensate Plaintiff for damage to the Property sustained in October 2015.[3] *See* Mot. Cure [#11] at 4–12. Consequently, the Court denies Plaintiff's motion to cure her defective complaint.

Finally, Plaintiff's request that this Court review and modify the state court's order dismissing Lawsuit I with prejudice is improper. Plaintiff asks this Court to revise the state court order to dismissing Lawsuit I from "with prejudice" to "without prejudice." *See* Req. Review [#12] at 3. Under the *Rooker–Feldman* doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir. 2000) (internal quotation omitted) (referencing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)). Therefore, if there is an error in the state court order from Lawsuit I, such an error must be corrected by the appropriate state appellate court and not by this Court. *See id.* ("If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court." (internal quotation omitted)). Thus, Plaintiff's request for review of the state court order is denied.

---

[3] Plaintiff appears to question her prior attorney's authority to dismiss Lawsuit I and indicates she has asserted a claim against her prior attorney for an "ethical violation with the State Board." *See* Mot. Cure [#11] at 2. Yet, these allegations to not allow Plaintiff to re-litigate claims that were brought or could have been brought against Wells Fargo in Lawsuit I.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Pat Schumacher's Motion for Extension of Time [#8] is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff Pat Schumacher's Motion to Cure Defective Pleading [#11] is DENIED;

IT IS FURTHER ORDERED that Plaintiff Pat Schumacher's Request for Review [#12] is DENIED;

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [#5] is GRANTED; and

IT IS FINALLY ORDERED that Plaintiff Pat Schumacher's claims are DISMISSED WITH PREJUDICE.

SIGNED this the __20__ day of September 2017.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE